CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
March 31, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| LUAY A. ALRAMMAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:24-cv-00016 |
| ) | |
| CHRISTINE WORMUTH, Secretary, ) | By: Elizabeth K. Dillon |
| United States Department of the Army, ) | Chief United States District Judge |
| *In her official capacity*, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Luay Alrammah brings this action alleging various forms of discrimination in connection with his employment by defendant, the United States Army Corps of Engineers (USACE).[1] Alrammah alleges three claims against USACE: (I) age discrimination in violation of the Age Discrimination in Employment Act (ADEA), (II) race discrimination in violation of Title VII (42 U.S.C. § 2000e), and (III) national origin discrimination in violation of Title VII (42 U.S.C. § 2000e).

Following transfer to this court, USACE moved to dismiss Alrammah's first amended complaint (Dkt. No. 25). Apparently recognizing the need to provide more robust factual allegations and in response to the motion to dismiss, Alrammah filed a motion for leave to file a second amended complaint (Dkt. No. 29). USACE opposes the motion for leave to amend

---

[1] Alrammah filed this action against Christine Wormuth, the former United States Secretary of the Army, in her official capacity. The complaint clarifies that USACE operates under the Secretary's authority, as detailed in the second amended complaint. (Second Am. Compl. ¶ 2, Dkt. No. 29-1.) Specifically, the complaint states, "Defendant is the Secretary of the United States, Department of the Army, which shall include representatives and agents, including but not limited to the United States Army Corps of Engineers ("USACE"), an engineer formation of the United States Army with global primary focuses on engineering, construction, and civil works." (*Id.*) Because Alrammah's claims pertain to his employment with USACE, this memorandum opinion will refer to the defendant as USACE to maintain clarity.

arguing that the proposed second amended complaint would fail to survive a Rule 12(b)(6) motion and, so, would be futile. Given this history, the court looks to the proposed second amended complaint as the operative complaint and finds that a hearing is unnecessary to resolve these matters. Because Alrammah's claims against USACE are futile, as alleged in his proposed second amended complaint, his motion for leave to amend will be denied, and this case will be dismissed without prejudice.[2]

I. BACKGROUND

**A. Procedural Background**

Alrammah filed his initial complaint in the United States District Court for the District of Kansas on October 5, 2023. (Compl., Dkt. No. 1.) He amended the complaint shortly thereafter on November 9, 2023. (First Am. Compl., Dkt. No. 4.) On February 12, 2024, USACE filed a motion to dismiss the Title VII claims or, alternatively, to transfer the case to the Western District of Virginia. (Dkt. No. 12.) USACE argued that the District of Kansas was an improper venue for Alrammah's Title VII claims and those claims should either be dismissed, or the court should transfer the case to the Western District of Virginia, which would be the proper venue for both the Title VII and ADEA claims.[3] (*See* Dkt. No. 13). In his response filing, Alrammah agreed that transferring the case to the Western District of Virginia was appropriate.[4] (Dkt. No.

---

[2] The court will grant USACE's motion to dismiss Alrammah's first amended complaint (Dkt. No. 25) for the same reasons it finds Alrammah's second amended complaint to be futile.

[3] In his first amended complaint, Alrammah alleged that he was employed by USACE, Transatlantic Middle East District ("TAM"), at a "contracted project site initiated by USACE Kansas City District." (First Am. Compl. ¶ 3.) However, USACE argued that this was incorrect, asserting that TAM is headquartered in Winchester, Virginia, within the Western District of Virginia, which is where all Alrammah's employment records were maintained. (Dkt. No. 13, at 2.) USACE further contended that the only connection to Kansas in this case was Alrammah residing there. (*Id.*) Although USACE acknowledged that Alrammah's residence in Kansas was sufficient to render venue proper for his ADEA claim under 28 U.S.C. § 1391, it argued that this was insufficient to meet Title VII venue requirements under 42 U.S.C. § 2000e-5(f)(3). (*Id.*)

[4] Although it appears that Alrammah acknowledges that TAM operates out of Winchester and that USACE's actions have no connection to Kansas, he has not made any changes to his second amended complaint to

16.) On March 15, 2024, the United States District Court for the District of Kansas issued an order transferring this case in its entirety to the United States District Court for the Western District of Virginia. (Dkt. No. 17.)

**B. Factual Background**[5]

Alrammah, a 62-year-old United States citizen of Iraqi descent, was employed as a GS-0830-12/Project Engineer for USACE. (Sec. Am. Compl. ¶¶ 4, 7, 8, 21, 35.) Throughout his employment, Alrammah alleges that he performed his work duties at a satisfactory level. (*Id.* ¶¶ 9, 23, 37.) He served as the point-of-contact for assigned Area/Resident Offices, provided quality assurance and administrative support, and conducted reviews for projects in their design phase. (*Id.* ¶ 9.) In addition, Alrammah visited construction sites to evaluate project phases, prepared site visit reports, and liaised with the engineering and project management divisions to ensure that design and construction quality of projects were upheld. (*Id.* ¶¶ 23, 37.)

However, Alrammah alleges that, during his employment with USACE, he was subjected to discriminatory treatment based on his age, race, and national origin. (*Id.* ¶¶ 15, 29, 43.) He claims that he was treated differently compared to his younger colleagues of a different national origin, including Hamsur Manupac, Anthony Pink, and Leonora Leigh. (*Id.* ¶ 11.) Unlike his coworkers, Alrammah was not introduced to the team as a Project Engineer and was not provided with full details about pre-existing projects. (*Id.* ¶ 10.) Additionally, he alleges that he was "regularly subjected to yelling and false accusations" from his younger supervisor, Resident

---

reflect this. Instead, he continues to allege that USACE Kansas City District oversaw the project site where he worked. (Sec. Am. Comp. ¶ 3.) Moreover, the second amended complaint does not specify the location of the project site. Based on prior filings in this case, the court understands that the project site where Alrammah worked during the events described in the complaint was at the Al Udeid Air Base in Qatar. (*See* Dkt. No. 13-1.)

[5] The factual allegations in this section are taken from Alrammah's proposed second amended complaint (Sec. Am. Compl.), as those are the operative allegations for the court's futility analysis in determining his motion for leave to amend.

Engineer Ronaldo Rodriguez. (*Id.*) Alrammah contends that similarly situated coworkers of different races and national origins, including Ms. Leigh and Thuy Le, were allowed to communicate with foreign contractors and allowed to study and design projects and communicate between divisions without any interjections—Alrammah was not afforded the same treatment. (*Id.* ¶¶ 27, 41.)

Despite his satisfactory job performance, Alrammah claims that he was assigned menial tasks that did not align with his anticipated job responsibilities and his supervisors withheld "relevant and necessary information" for him to complete his job. (*Id.*) In response, Alrammah made multiple attempts to remedy his situation, including voicing his concerns to supervisors, asking to meet with USACE representatives, and attempting to restructure "his chain of command . . . in order to work under new supervision." (*Id.* ¶¶ 12, 26, 40.) However, his requests were denied, and instead, he was assigned menial tasks that did not fit the job description of a GS-0830-12/Project Engineer. (*Id.* ¶¶ 13, 27, 41.) He was left searching for information on pre-existing projects without any support from the engineering team. (*Id.*) He claims that his younger coworkers were not subjected to the same treatment. (*Id.*)

On September 1, 2022, Alrammah alleges that he was terminated from his position after his supervisor, Mr. Rodriguez, wrongfully accused him of misconduct and insubordination. (*Id.* ¶¶ 14, 28, 42.) He contends that his termination directly contradicted his 2022 Civil Performance Plan. (*Id.* ¶¶ 14, 28, 42.) Alrammah alleges that he was a victim of unlawful age, race, and national origin discrimination in violation of the ADEA and Title VII of the Civil Rights Act. (*Id.* ¶¶ 15–16, 29–30, 43–44.)

In response to his termination, Alrammah filed a formal complaint with his Equal Employment Opportunity representative, but the agency failed to address the complaint within

4

the required 180-day period. (*Id.* ¶5.) As a result, he has filed this lawsuit in federal district court, seeking actual damages exceeding $75,000, liquidated damages exceeding $75,000, job reinstatement, back pay, front pay, reasonable attorney's fees and expenses, prejudgment interest, and any other relief deemed appropriate by the court. (*Id.* ¶ 19.)

USACE has filed a response in opposition to Alrammah's motion for leave to amend his complaint, arguing that the court should deny his motion because the proposed second amended complaint fails to provide sufficient allegations to survive a Rule 12(b)(6) motion and is therefore futile. (*See* Mem. Opp'n Sec. Am. Compl., Dkt. No. 31.) USACE contends that Alrammah has not "allege[d] sufficient facts to show that he was terminated because of his age, race, and/or national origin." (*Id.* at 4.) It incorporates the arguments from its memorandum in support of its motion to dismiss (Mem. Def. Mot. to Dismiss, Dkt. No. 26), asserting that Alrammah has failed to sufficiently allege either direct or circumstantial evidence of discrimination that would allow the court to infer that Alrammah was treated differently or terminated because of his age, race, or national origin. (*Id.* at 6–8.) Alrammah has not filed a reply to USACE's response in opposition to his motion for leave to amend, and the deadline for doing so has passed.

II. DISCUSSION

A. Legal Standards

1. **Motion for leave to amend standard**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15 (a)(2). Rule 15(a)(2) instructs courts to "freely give leave when justice so requires." *Id.* "Despite this general rule liberally allowing amendments, . . . a district court may deny leave to amend if the

5

amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013) (internal quotations omitted) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the party by virtue of the allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"). Traditionally, an amendment is futile if it is "clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (internal citations omitted). And "district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny." *In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021).

    A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Kashdan v. George Mason Univ.*, 70 F.4th 694, 700 (4th Cir. 2023) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302.

B. **Alrammah's Claims Against USACE**

   1. **Count I—Age discrimination under the ADEA**

USACE argues that "Alrammah's conclusory allegations that he was treated differently than 'younger' similarly situated coworkers and terminated because he was 62 years old are insufficient to state a claim for age discrimination under the ADEA." (Mem. Def. Mot. to Dismiss 4.) The court agrees. Because Alrammah has not sufficiently alleged age-based discrimination beyond a speculative level, the court finds that allowing him leave to file his proposed second amended complaint would be futile.

Under the ADEA, it is unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To state a claim under the ADEA, a plaintiff must show that he is: (1) over the age of 40, and (2) experienced discrimination by an employer (3) because of his age." *Tickles v. Johnson*, 805 Fed. App'x. 204, 207 (4th Cir. 2020) (internal citation omitted). "A plaintiff can prove a violation of the ADEA through direct or circumstantial evidence." *Cole v. Family Dollar Stores of Md., Inc.*, 811 Fed. App'x. 168, 172 (4th Cir. 2020) (internal citation omitted). To survive a 12(b)(6) motion the plaintiff "is not required to plead a prima facie case of discrimination, but he must satisfy the elements of an ADEA cause of action." *Tickels*, 805 Fed. App'x. at 207) (cleaned up) (internal citations omitted). "[T]he complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level' and to support a 'reasonable inference' of discrimination." *Id.* (internal citations omitted).

In this case, Alrammah fails to plausibly allege that he experienced discrimination by USACE because of his age. Despite construing his proposed second amended complaint in the

7

light most favorable to him, the court finds his allegations are too vague to infer any plausible age discrimination. The complaint notes several general allegations of discriminatory treatment, but Alrammah only attributes this treatment in a conclusory fashion to his age. Specifically, Alrammah claims he was "not introduced to the team as a Project Engineer," "not given full details [on] pre-existing projects," "subjected to yelling and false accusations from [Mr.] Rodriguez," "was assigned menial tasks that did not fit the job description of a GS-0830-12/Project Engineer," and his supervisors withheld "relevant and necessary information regarding pre-existing projects," whereas his younger coworkers were allegedly not subjected to the same treatment. (Sec. Am. Compl. ¶¶ 10–13.) However, these allegations, standing alone, do not provide enough substance to suggest age discrimination. Without more, the court is left to speculate that this alleged mistreatment stemmed from Alrammah's age.[6] Such speculation and unwarranted inferences are insufficient to survive a motion to dismiss.

The Fourth Circuit has found a similar ADEA claim insufficient to survive a 12(b)(6) motion to dismiss. In *Tickles*, the Fourth Circuit affirmed the dismissal of an ADEA claim where the complaint left the Court "to merely speculate that Appellant was denied a promotion and/or terminated because of his age." 805 Fed. App'x. at 208. The Court noted that the complaint was void of any "specific allegations that would give rise to a reasonable inference of age-based discrimination, such as the nature of the requirements for promotion, Appellant's own qualifications, the qualifications and rule violations of his proposed comparators, or even the proposed comparators' proximity in age to his own (i.e., whether they were substantially younger

---

[6] The court notes that Alrammah also alleges that these same instances of mistreatment can be attributed to discrimination based on his race and national origin. However, even when viewing these allegations in the light most favorable to him, the court cannot plausibly infer any race or national origin discrimination here either. While the court dismisses the Title VII claims of race and nation origin discrimination on similar, though distinct, grounds (*see infra* Sec.II.B.2), the race and national origin claims, as alleged in the second amended complaint, suffer from the same deficiencies as this ADEA claim.

8

than him)." *Id.* The Court concluded that without such details, it was "left with mere speculation," which was insufficient to plausibly allege age discrimination. *Id.*

Similarly, Alrammah's complaint fails to provide any details regarding his own qualifications, the qualifications of his comparator coworkers, or even the age of his coworkers relative to his own. While he alleges a series of actions that could suggest discriminatory intent, he provides nothing more "to give rise to a reasonable inference" that these actions were driven by age discrimination. As in *Tickles*, this court is "left with mere speculation" as to whether the alleged mistreatment was due to Alrammah's age. Such an inference is unwarranted under the Rule 12(b)(6) standard. *See e.g.*, *Spassova-Nikolova v. Rollins*, Case No. 1:22-cv-1361, 2025 U.S. Dist. LEXIS 46228, *7 (E.D. Va. March 12, 2025) (dismissing ADEA claim because, despite the plaintiff alleging seven potential adverse events, her allegations were "too conclusory and factually unadorned to give rise to a reasonable inference that her challenged employment decisions were because of her age" (citing *Tickles*, 805 F. App'x at 208)); *Pease v. Nemours Found.*, No. CV JKB-23-0717, 2023 WL 3932312, at *3 (D. Md. June 9, 2023) (dismissing ADEA claim in part because complaint did not contain "specific allegations about [plaintiff's] qualifications, her comparators' qualifications, and [defendant's] hiring criteria" that would support a claim for age discrimination).

Alrammah's proposed second amended complaint fails to provide sufficient factual allegations to "raise a right to relief above the speculative level and that support a reasonable inference" of age discrimination. *Tickles*, 805 Fed. App'x. at 207. Therefore, his ADEA claim is futile, and the court will deny his motion for leave to amend.

9

### 2. Counts II and III—Race and national origin discrimination under Title VII

USACE argues that Alrammah's Title VII claims are futile because the proposed second amended complaint fails to sufficiently allege facts to support an inference of discriminatory intent based on his race or national origin. (Mem. Opp'n Sec. Am. Compl. 3–6.) The court agrees. Because Alrammah has not sufficiently alleged race or national origin discrimination based beyond a speculative level, the court finds that allowing him leave to file his proposed second amended complaint would be futile.

Under Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin." 42 U.S.C. § 2000e-2(a)(1). Title VII is also violated "when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

To establish a prima facie case of discrimination under Title VII in the absence of direct evidence, the plaintiff must demonstrate the following elements: "(1) membership in a protected class; (2) satisfactory job performance; (3) [an] adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (internal citation omitted). "[W]hile a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (cleaned up) (citing *Twombly*, 550 U.S. at 555).

In this case, Alrammah fails to plausibly allege that USACE treated similarly situated employees of different races or national origins more favorably. Although Alrammah argues that

10

his second amended complaint identifies four similarly situated coworkers who were not subjected to the same treatment he experienced (Pl. Mem. Opp'n Def. Mot. to Dismiss 6, Dkt. No. 30), he provides no substantive details about these individuals. The complaint does not include any information about their job titles, job duties, years of experience, qualifications, or any other relevant information that would indicate they were similarly situated to Alrammah. Moreover, the complaint does not clearly outline these details with respect to Alrammah himself. Alrammah also asserts that there is "no record of Ronaldo Rodriguez perpetuating the same level of differential treatment to another co-worker as he did with [him]," yet the complaint fails to even suggest that the four named individuals were under Mr. Rodriguez's supervision.[7] (*Id.*) These vague allegations alone are insufficient to survive a 12(b)(6) motion to dismiss. *See e.g.*, *Coleman*, 626 F.3d at 190–91 (affirming district court's Rule 12(b)(6) dismissal of Title VII race discrimination claim because "the complaint fail[ed] to establish a plausible basis for believing [that the plaintiff's colleague] and [the plaintiff] were actually similarly situated or that race was the true basis for [the plaintiff]'s termination"); *Booth v. Leggett*, 186 F. Supp. 3d 479, 486 (D. Md. 2016) (dismissing Title VII race discrimination claim in part because complaint failed to identify the alleged similarly situated coworker's race, job title, job responsibilities, or supervisor); *Lincoln v. Jear Logistics*, LLC, No. CV 2:21-1892, 2021 WL 5936818, at *2 (D.S.C. Dec. 16, 2021) (dismissing Title VII claim because plaintiff failed to sufficiently allege that similarly situated employees outside of her protected class received more favorable treatment, noting the complaint lacked characteristics or other relevant information about the

---

[7] USACE points out in its brief that one of the named coworkers, Anthony Pink, was an Information Technology Specialist, and thus not similarly situated to Alrammah, who held the role of a Project Engineer. (Mem. Opp'n Sec. Am. Compl. n.1.) While the court does not consider this information in its ruling on Alrammah's motion for leave to amend, it is the type of information that is important when pleading the fourth element of a Title VII discrimination claim.

11

alleged similarly situated "Caucasian counterparts").

As the *Booth* court held, "[b]ecause two co-workers treated differently . . . might not be similarly situated if they have different job responsibilities or circumstances, a complaint that merely alleges a co-worker is similarly situated without providing facts to substantiate that similarity fails to state a claim for discrimination." 186 F. Supp. 3d at 486 (citing *Coleman*, 626 F.3d at 190–91). In his second amended complaint, Alrammah fails to sufficiently allege that he was treated differently than similarly situated employees of a different race or national origin. Therefore, his Title VII claims are futile, and the court will deny his motion for leave to amend.

### III.  CONCLUSION

The court finds that Alrammah's claims against USACE, as alleged in his proposed second amended complaint, are futile. Therefore, the court denies Alrammah's motion for leave to file his second amended complaint. Furthermore, USACE's initial motion to dismiss Alrammah's first amended complaint is granted for the same reasons the second amended complaint is futile. This case will be dismissed without prejudice. An appropriate order will issue.

Entered: March 31, 2025.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge